## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, the CHICAGO AND NORTHEAST ILLINOIS REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINEE PROGRAM FUND, and<br><br>MARTIN C. UMLAUF, JEFFREY ISAACSON, FRANK T. LIBBY, JOSEPH PASTERINO, KEITH JUTKINS, RICHARD A. BAGGIO, BENJAMIN A. JOHNSTON, J. DAVID PEPPER, THOMAS S. RAKOW, and PAUL R. HELLERMAN as Trustees of the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION AND WELFARE FUND,<br><br>MARTIN C. UMLAUF, JEFFREY ISAACSON, BRUCE A. NELSON, FRANK T. LIBBY, C. DAVID PEPPER, RICHARD A. BAGGIO, WILLIAM E. O'NEIL, AND ROBERT J. CORRIGAN, as Trustees of the CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE & TRAINEE PROGRAM,<br><br>         Plaintiffs,<br><br> v.<br><br>KAP ROOFING INC.<br><br>         Defendant. | CIVIL ACTION<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Case No.<br>**FILED: JULY 17, 2008**<br>**08CV4064**<br>**JUDGE BUCKLO**<br>**MAGISTRATE JUDGE BROWN**<br>**AEE** |

## ***C O M P L A I N T***

Now come Plaintiffs, the Chicago Regional Council of Carpenters Pension Fund, et al., by their attorney, Travis J. Ketterman of Whitfield McGann & Ketterman, complaining of the Defendant, KAP ROOFING, INC., and allege as follows:

1.	This action arises under Section 502 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

2.	The Chicago Regional Council of Carpenters Pension Fund, the Chicago Regional Council of Carpenters Welfare Fund and the Chicago Regional Council of Carpenters Apprentice and Trainee Program (the "Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the Chicago Regional Council of Carpenters, successor of the Chicago and Northeast Illinois District Council of Carpenters, (the "Union"), and therefore, are multiemployer plans. (29 U.S.C. §1002). The Trust Funds are administered at 12 East Erie Street, Chicago, Illinois and venue is proper in the Northern District of Illinois.

3.	The Defendant is an employer engaged in an industry affecting commerce which entered into an Agreement whereby it agreed to be bound by the provisions of a Collective Bargaining Agreement that require the Defendant to pay monthly fringe benefit contributions to the Trust Funds.

4.	The Collective Bargaining Agreement also binds the Defendant to the provisions of the Declarations of Trust which created the Trust Funds (the "Trust Agreements").

5.	Pursuant to the provisions of the Collective Bargaining Agreements, the Defendant is required to make contributions to the Trust Funds for each hour worked by its carpenter employees at the rate and in the manner specified in the Collective Bargaining Agreements and Trust Agreements. In addition, the Defendant is required to make contributions to the Trust Funds measured by the hours worked by

subcontractors that are not signatory to a Collective Bargaining Agreement with the Union.

6. The Defendant breached the provisions of the Collective Bargaining Agreement by underpaying contributions that are owed to the Trust Funds based upon the hours worked by employees and/or measured by the hours worked by subcontractors during the period of January 2005 through December 2007. As a result, the Defendant owes $689,099.73 in contributions to the Trust Funds as a consequence of this breach.

7. Plaintiffs have complied with all conditions precedent in bringing this suit.

8. Plaintiffs retained the undersigned attorneys to collect the monies that may be found to be due and owing from Defendant.

9. Pursuant to the provisions of the Trust Agreements and the Collective Bargaining Agreements, the Defendant is required to pay liquidated damages, auditor fees and all attorney fees and court costs incurred by the Trust Funds in the collection process.

10. Defendant is obligated to pay the auditor fees, attorney fees, and court costs incurred by the Plaintiffs pursuant to 29 U.S.C. §1132(g)(2).

11. Pursuant to 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to an amount equal to the greater of:

    (a)    double interest on the unpaid contributions; or

    (b)    interest plus liquidated damages provided for under the Trust Agreements.

WHEREFORE, Plaintiffs pray:

- A. That the Defendant be required to pay fringe benefit contributions to the Trust Funds in the amount of $689,099.73 for the period of January 2005 through December 2007.

- B. That the Defendant be ordered to pay double interest or interest plus liquidated damages on the amount that is due.

- C. That the Defendant be ordered to pay the reasonable attorney and auditor fees and costs incurred by the Plaintiffs.

- D. That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendant's cost.

CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND et al.

By: s/Travis J. Ketterman
_____
TRAVIS J. KETTERMAN

Travis J. Ketterman
Whitfield McGann & Ketterman
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601
(312) 251-9700
July 11, 2008