**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CHICAGO REGIONAL COUNCIL OF ) <br> CARPENTERS PENSION FUND et al ) <br> ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> KAP ROOFING, INC. ) <br> ) <br> Defendant. ) | Case No.  08 C 4064 <br><br> Judge Bucklo |

### *Motion For Judgment By Default*

NOW COME Plaintiffs by their attorney, Travis J. Ketterman of Whitfield McGann & Ketterman, and move this Honorable Court to enter Judgment by Default according to Rule 55 of the Federal Rules of Civil Procedure for Defendant's failure to appear, answer or otherwise plead.  Further, in support of this Motion, the Plaintiffs state:

1.  The Plaintiffs filed their Complaint on July 17, 2008.  The Defendant's owner and registered agent, Keith A. Pinn, was personally served on July 23, 2008.  To date, the Defendant has failed to appear, answer or otherwise plead.

2.  The Chicago Regional Council of Carpenters Pension Fund, the Chicago Regional Council of Carpenters Welfare Fund and the Chicago Regional Council of Carpenters Apprentice and Trainee Program (the "Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the Chicago Regional Council of Carpenters, successor of the Chicago and Northeast Illinois District Council of Carpenters, (the "Union"), and therefore, are

multiemployer plans. (29 U.S.C. §1002). The Trust Funds are administered at 12 East Erie Street, Chicago, Illinois and venue is proper in the Northern District of Illinois.

3. The Defendant is an employer engaged in an industry affecting commerce which entered into an Agreement whereby it agreed to be bound by the provisions of a Collective Bargaining Agreement that require the Defendant to pay monthly fringe benefit contributions to the Trust Funds.

4. The Collective Bargaining Agreement also binds the Defendant to the provisions of the Declarations of Trust which created the Trust Funds (the "Trust Agreements").

5. Pursuant to the provisions of the Collective Bargaining Agreements, the Defendant is required to make contributions to the Trust Funds for each hour worked by its carpenter employees at the rate and in the manner specified in the Collective Bargaining Agreements and Trust Agreements. In addition, the Defendant is required to make contributions to the Trust Funds measured by the hours worked by subcontractors that are not signatory to a Collective Bargaining Agreement with the Union.

6. The Defendant breached the provisions of the Collective Bargaining Agreement by underpaying contributions that are owed to the Trust Funds based upon the hours worked by employees and/or measured by the hours worked by subcontractors during the period of January 2005 through December 2007. As a result, the Defendant owes $689,099.73 in contributions to the Trust Funds as a consequence of this breach.

7. Plaintiffs have complied with all conditions precedent in bringing this suit.

8. Plaintiffs retained the undersigned attorneys to collect the monies that may be found to be due and owing from Defendant.

9. Pursuant to the provisions of the Trust Agreements and the Collective Bargaining Agreements, the Defendant is required to pay liquidated damages in the amount of $137,819.95, interest in the amount of $110,115.98, auditor fees in the amount of $20,843.70 and all attorney fees and court costs in the amount of $1,197.00 incurred by the Trust Funds in the collection process. (See Affidavit of James Rosemeyer)

10. Defendant is obligated to pay the auditor fees, attorney fees, and court costs incurred by the Plaintiffs pursuant to 29 U.S.C. §1132(g)(2).

WHEREFORE, Plaintiffs respectfully pray that this Honorable Court enter Judgment by Default and order the Defendant to pay $959,076.36 to the Plaintiffs.

                                        CHICAGO REGIONAL COUNCIL OF CARPENTERS
                                        PENSION FUND et al.

                                        s/Travis J. Ketterman
                          By: _____
                                        TRAVIS J. KETTERMAN

Travis J. Ketterman
Whitfield McGann & Ketterman
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601
(312) 251-9700

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND et al | ) ) ) ) |
| Plaintiffs, | ) Case No. 08 C 4064 ) |
| v. | ) Judge Bucklo ) |
| KAP ROOFING, INC. | ) ) ) |
| Defendant. | ) |

## AFFIDAVIT OF JAMES ROSEMEYER

NOW COMES JAMES ROSEMEYER, who after being duly sworn upon oath, states as follows:

1. I am the Employer Contributions Manager for the Chicago Regional Council of Carpenters Pension Fund, the Chicago Regional Council of Carpenters Welfare Fund, and the Chicago Regional Council of Carpenters Apprentice and Training Fund ("Trust Funds") and in such capacity I am authorized to make this Affidavit on behalf of the Plaintiff Trust Funds.

2. The Defendant executed a Collective Bargaining Agreement with the Chicago and Northeast Illinois District Council of Carpenters whereby it agreed to be bound by the provisions of a Collective Bargaining Agreement and to all Collective Bargaining Agreements subsequently negotiated.

3. Pursuant to the provisions of the Agreement and the Collective Bargaining Agreements, the Defendant agreed to be bound by the provisions of the Agreements and Declarations of Trust which created the Plaintiffs' Trust Funds.

4. Pursuant to the provisions of the Collective Bargaining Agreements and Trust Agreements, the Defendant is required to submit monthly reports which list the number of hours worked by its Carpenter employees and/or non-union Carpenter subcontractors who are not signatory to a Collective Bargaining Agreement with the Union and the Defendant is required to pay contributions based upon the listed hours.

5. The Defendant has breached the provisions of the Trust Agreements and the Collective Bargaining Agreements by failing to submit proper contributions for the period January 2005 through December 2007. An audit of the Defendant demonstrates that the Defendant owes $689,099.73 in contributions for that time period.

6. Under the terms of the Collective Bargaining Agreement and Trust Agreement, Defendant is also liable for liquidated damages and interest. The amount of this liability for the Defendant is $137,819.95 for liquidated damages and $110,115.98 for interest. Moreover, the Trust Funds expended $1,197.00 in attorney fees in an attempt to collect this debt. The Trust Funds also paid auditor fees in the amount of $20,843.70.

I swear that the above statements are true and correct to the best of my knowledge. Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure [735 ILCS 5/1-109], the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to matters the undersigned certifies as aforesaid that he verily believes the same to be true.

Further, Affiant sayeth not.            s/James Rosemeyer
                             By:_____
                                    JAMES ROSEMEYER
                                    Employer Contributions Manager

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| CHICAGO REGIONAL COUNCIL OF ) <br> CARPENTERS PENSION FUND et al ) <br> ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> KAP ROOFING, INC. ) <br> ) <br> Defendant. ) | Case No.  08 C 4064 <br><br> Judge Bucklo |

*ATTORNEY AFFIDAVIT*
_____

NOW COMES TRAVIS J. KETTERMAN, who after being duly sworn upon oath, states as follows:

1. I am a partner in the law firm of Whitfield McGann & Ketterman and am licensed to practice law before the U.S. Supreme Court, the U.S. Court of Appeals for the Seventh Circuit, U.S. Court of Appeals for the District of Columbia Circuit, U.S. District Court for the Northern District of Illinois, U.S. District Court for the Central District of Illinois, U.S. District Court for the Eastern District of Wisconsin and the State of Illinois..

2. I have personal knowledge of the facts stated herein and if called to testify in this matter, I can competently testify to such facts from my own such knowledge.

3. I have in excess of twelve years experience representing trustees of employee benefit plans, including the prosecution of Federal Court litigation to collect delinquent employer contributions.

4. The Collective Bargaining Agreement and the Trust Agreements under which this action is based provide for the payment of liquidated damages, audit fees and attorneys' fees and costs incurred for failure of a signatory contractor to pay contributions in accordance with those Agreements.

5. The billing records indicate I performed 5.7 hours of work in connection with the above-captioned case.  The work was performed from the December 17, 2007 referral from the Trust Funds through the presentation and preparation of the Motion for Judgment by Default.  All hours worked on this case were billed at a rate of $210.00 per hour.  Accordingly, I billed the Trust Funds a total of $1,197.00 for work performed on this case.  The detailed billing records are attached to this Affidavit.

6.  I certify that the foregoing attorney fees totaling $1,197.00 were necessary and reasonable.

I swear that the above statements are true and correct to the best of my knowledge. Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure [735 ILCS 5/1-109], the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to matters the undersigned certifies as aforesaid that he verily believes the same to be true.

s/Travis J. Ketterman

_____
TRAVIS J. KETTERMAN