**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, the CHICAGO AND NORTHEAST ILLINOIS REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINEE PROGRAM FUND, and<br><br>MARTIN C. UMLAUF, JEFFREY ISAACSON, FRANK T. LIBBY, JOSEPH PASTERINO, KEITH JUTKINS, RICHARD A. BAGGIO, BENJAMIN A. JOHNSTON, J. DAVID PEPPER, THOMAS S. RAKOW, and PAUL R. HELLERMAN as Trustees of the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION AND WELFARE FUND, MARTIN C. UMLAUF, JEFFREY ISAACSON, BRUCE A. NELSON, FRANK T. LIBBY, C. DAVID PEPPER, RICHARD A. BAGGIO, WILLIAM E. O'NEIL, AND ROBERT J. CORRIGAN, as Trustees of the CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE & TRAINEE PROGRAM,<br><br>                Plaintiffs,<br>   v.<br><br>KAP ROOFING, INC.<br><br>                Defendant. | Case No.: 08 C 4064<br><br>Honorable Judge Bucklo<br><br>Magistrate Judge Brown |

**DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT**

The Defendant, KAP ROOFING, INC., an Illinois corporation, by its attorneys, Allocco, Miller & Cahill, P.C., and answer Plaintiffs' Complaint as follows:

    1.    This action arises under Section 502 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

    **ANSWER:**    Defendant admits the allegations in Paragraph 1.

1

2. The Chicago Regional Council of Carpenters Pension Fund, the Chicago Regional Council of Carpenters Welfare Fund and the Chicago Regional Council of Carpenters Apprentice and Trainee Program (the "Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the Chicago Regional Council of Carpenters, successor of the Chicago and Northeast Illinois District Council of Carpenters, (the "Union"), and therefore, are multiemployer plans. (29 U.S.C. §1002). The Trust Funds are administered at 12 East Erie Street, Chicago, Illinois and venue is proper in the Northern District of Illinois.

**ANSWER:** Defendant admits the allegations in Paragraph 2.

3. The Defendant is an employer engaged in an industry affecting commerce which entered into an Agreement whereby it agreed to be bound by the provisions of a Collective Bargaining Agreement that require the Defendant to pay monthly fringe benefit contributions to the Trust Funds.

**ANSWER:** Defendant admits the allegations in Paragraph 3.

4. The Collective Bargaining Agreement also binds the Defendant to the provisions of the Declarations of Trust which created the Trust Funds (the "Trust Agreements").

**ANSWER:** Defendant admits the allegations in Paragraph 4.

5. Pursuant to the provisions of the Collective Bargaining Agreements, the Defendant is required to make contributions to the Trust Funds for each hour worked by its carpenter employees at the rate and in the manner specified in the Collective Bargaining Agreements and Trust Agreements. In addition, the Defendant is required to make contributions to the Trust Funds measured by the hours worked by subcontractors that are not signatory to a Collective Bargaining Agreement with the Union.

**ANSWER:**   Defendant admits the allegations in Paragraph 5.

6.   The Defendant breached the provisions of the Collective Bargaining Agreement by underpaying contributions that are owed to the Trust Funds based upon the hours worked by employees and/or measured by the hours worked by subcontractors during the period of January 2005 through December 2007. As a result, the Defendant owes $689,099.73 in contributions to the Trust Funds as a consequence of this breach.

**ANSWER:**   Defendant denies the allegations in Paragraph 6.

7.   Plaintiffs have complied with all conditions precedent in bringing this suit.

**ANSWER:**   Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 7.

8.   Plaintiffs retained the undersigned attorneys to collect the monies that may be found to be due and owing from Defendant.

**ANSWER:**   Defendant is without knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9.   Pursuant to the provisions of the Trust Agreements and the Collective Bargaining Agreements, the Defendant is required to pay liquidated damages, auditor fees and all attorney fees and court costs incurred by the Trust Funds in the collection process.

**ANSWER:**   Defendant admits the allegations in Paragraph 9.

10.   Defendant is obligated to pay the auditor fees, attorney fees, and court costs incurred by the Plaintiffs pursuant to 29 U.S.C. §1132(g)(2).

**ANSWER:**   Defendant admits the allegations in Paragraph 10.

11.   Pursuant to 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to an amount equal to the greater of:

(a)    double interest on the unpaid contributions; or

(b) interest plus liquidated damages provided for under the Trust Agreements.

**ANSWER:**    Defendant admits the allegations in Paragraph 11(a-b).

KAP ROOFING, INC.

                                          /s/ Kathleen M. Cahill
                                        One of Defendant's Attorneys

Todd A. Miller
Kathleen M. Cahill
Allocco, Miller & Cahill, P.C.
3409 North Paulina Street
Chicago, Illinois 60657
(773) 868-4841

**CERTIFICATE OF SERVICE**

The undersigned, an attorney of record, hereby certifies that she electronically filed the attached, Defendant's Answer to Plaintiffs' Complaint, with the Clerk of the Court using the CM/ECF system on or before the hour of 5:00 p.m. this 2nd day of September, 2008, which will send notice of such filings to the following:

Travis J. Ketterman
Whitfield, McGann & Ketterman
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601

　　　　　　　　　　　　/s/ Kathleen M. Cahill
　　　　　　　　　　　　One of Defendant's Attorneys


Todd A. Miller
Kathleen M. Cahill
Allocco, Miller & Cahill, P.C.
3409 North Paulina Street
Chicago, Illinois 60657
(773) 868-4841